**In re Michael Andrew BARTH, Debtor.**

**TRAVELERS INSURANCE COMPANY, Plaintiff,**

*v.*

**Michael Andrew BARTH, Defendant.**

Bankruptcy No. 90–20410–13.
Adversary No. 95–6189.

United States Bankruptcy Court,
D. Kansas.

Aug. 15, 1997.

N. Jack Brown, Boddington & Brown, Chartered, Kansas City, KS, for Plaintiff.

Denise L. Adams, Rosie M. Quinn and Associates, Kansas City, KS, for Debtor/Defendant.

## MEMORANDUM OPINION[1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

The Court holds that the Chapter 13 hardship discharge under 11 U.S.C. § 1328(b) does not discharge payments under a restitution order imposed in a state court criminal prosecution. As construed in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), § 523(a)(7) of the Bankruptcy Code provides the exception from discharge by reference from § 1328(c) of the Code.[2]

## FINDINGS OF FACT

The State of Kansas prosecuted Michael Andrew Barth for arson in the District Court of Wyandotte County, Kansas, and obtained a conviction on which he was sentenced May 15, 1987. Later, the court granted Barth probation conditioned on restitution.

On a letterhead form of the District Court Probation Department of Wyandotte County, captioned RESTITUTION ORDER dated February 3, 1989, the Honorable Dean J.

1. Plaintiff Travelers Insurance Company appears by its attorney, N. Jack Brown of Boddington & Brown, Chartered, Kansas City, Kansas. Debtor/defendant Michael Andrew Barth appears by his attorney, Denise L. Adams of Rosie M. Quinn and Associates, Kansas City, Kansas.

2. The Court finds this adversary proceeding is core under 28 U.S.C. § 157, and the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D. Kan. Rule 83.8.5).

Smith, Judge of the District Court of Wyandotte County, Kansas, ordered Michael Andrew Barth "to pay restitution in the total amount of $38,931.58 *through the Office of the Clerk of the District Court* to the persons and in the amounts and manner stated below."[3] The form order established the rate of payment at $100 per month and listed CCC/HUD, Bright Mortgage Co., and Travelers Insurance Company as parties to receive restitution payments, presumably from the clerk of the court.

This order, with somewhat different amounts, was further memorialized in the court's record by a Journal Entry prepared by D. Paul Theroff, Assistant District Attorney of Wyandotte County, Kansas, and signed by a different judge, the Honorable Wayne H. Phillips:

> Now on this 3rd day of February, 1989, comes on for hearing defendant's motion to grant probation on the sentence imposed by this Court reflected in a Journal Entry of Judgment dated the 15th day May, 1987, which Journal Entry is incorporated herein by reference.

> The Court, after hearing arguments of counsel and reviewing evidence presented, hereby granted [sic] Probation to the Adult Probation with the following conditions:

> Restitution is ordered in the amount of $40,115.13 at a minimum monthly rate of $200.00.[4]

Michael Barth filed his Chapter 13 petition and schedules on March 16, 1990. In his original Schedule A–3, *Creditors having Unsecured Claims Without Priority*, he listed a debt of $40,000.00 to the Wyandotte County Courthouse, Criminal Department, 710 N. 7th, Kansas City, KS, with the remark, "State of Kansas v. Barth (Restitution)."

On July 19, 1990, this Court confirmed Barth's Chapter 13 Plan, which treated the restitution claim of Wyandotte County as an unsecured claim. Eventually, Barth determined his plan payments were too low to permit payment of the trustee's fees and other costs within the time limits established in the plan. Therefore, on December 13, 1993, he moved to amend his plan to increase his plan payments to $360 per month. The motion also asked leave to amend his Schedule A–3 to include three creditors: the U.S. Department of Housing and Urban Development ("HUD"), Bright Mortgage Company, and Travelers Insurance Company, explaining: "The debtor had previously listed this debt with the Wyandotte County Courthouse. The debtor has learned since the filing that the appropriate creditors are those as identified."[5] Barth sent a Notice of Hearing on the motion to the three additional creditors on December 13, 1993.

■ The Travelers Insurance Company objected to amendment of the plan and the schedules. Travelers contended that prior to the notice of amendment, it had not received notice of the bankruptcy; that its claim resulted from a restitution order incident to an arson conviction; that its claim was excepted from discharge under 11 U.S.C. § 523; and that it had paid Bright Mortgage Company and HUD under an insuring agreement and assumed their positions in this matter.[6] By order filed November 28, 1994, the Court

---

**3.** Restitution Order filed in Case No. 86CR1442 in the District Court of Wyandotte County, Kansas, attached as Exhibit "A" to plaintiff's Complaint to Determine Dischargeability filed November 29, 1995 (emphasis added).

**4.** Journal Entry filed February 8, 1989, in Case No. 86CR1442 in the District Court of Wyandotte County, Kansas, attached as Exhibit "B" to plaintiff's Complaint to Determine Dischargeability filed November 29, 1995.

**5.** Motion to Increase Plan Payments and Motion to Amend Pleadings filed December 13, 1993, at 1.

**6.** Objection to Amendment of Pleadings and Objection to Chapter 13 Plan filed January 14, 1994. As the ultimate recipient of the restitution payments, Travelers has a sufficient interest in the outcome of the litigation to give it standing to contest the discharge question. Barth has not questioned Traveler's standing to contest the discharge of restitution.

permitted debtor to increase his plan payments and to include HUD, Bright Mortgage Company, and Travelers Insurance Company in his Schedule A–3.

Unable to make the increased plan payments, Barth filed a motion for hardship discharge on June 27, 1995. He gave notice of the motion on June 27, 1995, establishing July 18, 1995, as the date for filing objections to the hardship discharge. No timely objections were filed, but on September 21, 1995, Travelers Insurance Company filed a motion for leave to object out of time, which the Court denied by order dated October 11, 1995. Consequently, Barth was entitled to a hardship discharge as of October 12, 1995.[7]

Travelers Insurance Company filed a Complaint to Determine Dischargeability of Debt on November 3, 1995, contending its claim was not dischargeable under 11 U.S.C. § 1328 and § 523. However, the Complaint was mistakenly captioned and filed in the main bankruptcy case. By order filed November 14, 1995, the Court dismissed the Complaint on the ground that it should have been filed as an adversary proceeding under Fed. R. Bankr.P. 7001. The order extended the deadline for Travelers to file an adversary complaint to November 30, 1995.

Travelers filed this adversary complaint on November 29, 1995, alleging that an Order of Restitution was not dischargeable under those versions of 11 U.S.C. § 1328 and 11 U.S.C. § 523(a)(13) that became effective on

November 15, 1990. Travelers filed its motion for summary judgment on September 11, 1996,[8] and defendant responded with a brief in opposition on October 21, 1996. The parties have stipulated in the Final Pretrial Conference Order filed September 11, 1996, "that the sole issue in this case is whether 11 U.S.C. § 1328(a)(3) is applicable and that this is a question of law to be decided by the Court."[9] No issues of fact are in dispute and this matter is ripe for summary judgment.[10]

## DISCUSSION

Travelers has focused the debate on the current version of § 1328(a), which contains an exception to a Chapter 13 discharge for restitution included in a sentence on a debtor's conviction of a crime:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) or 523(a)(9) of this title; or

---

7. Since no one timely objected, Barth's counsel submitted an *Order Granting Debtor a Hardship Discharge.* When the Clerk received the motion for leave to object out of time, she attached the proposed hardship discharge order to the front leaf of the file to await the Court's ruling on the motion. Meanwhile, other documents were placed over the discharge order, obscuring it from view and causing the Clerk to lose track of the order. After the Court denied Traveler's motion to object out of time, the Clerk did not process the hardship discharge order for signature and filing because she was unaware that it was in the file. This clerical error will be corrected by the filing of a nunc pro tunc order of hardship discharge.

8. In its memorandum in support of its summary judgment motion, plaintiff alleges the amount still due and owing as $33,500.00 (Suggestions in

Support of Plaintiff's Motion for Summary Judgment filed September 11, 1996, at 2).

9. Final Pretrial Conference Order filed September 11, 1996, at 3.

10. Federal Rule of Civil Procedure 56, governing summary judgment, is made applicable to bankruptcy proceedings though Fed. R. Bankr.P. 7056. The summary judgment rule provides the Court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

*(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.*[11]

Travelers argues subparagraph (3) of this statute excepts the state court restitution order from discharge in this Chapter 13 case.

Section 1328(a) was amended in 1990 to include the restitution exception and to expand exceptions by reference to additional parts of § 523(a).[12] Before the 1990 amendments, the statute contained only two exceptions, neither of which covered restitution:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

■ Mr. Barth argues the current version of § 1328(a) does not apply in this proceeding. He takes this position because he commenced this case on March 16, 1990, before the 1990 amendments became effective on November 15, 1990. Mr. Barth is correct on this point because the amending statute states that the amendments do not apply to "cases" commenced before the date of its enactment.

Sec. 4. EFFECTIVE DATE; APPLICATION OF AMENDMENTS.

(a) EFFECTIVE DATE.—This Act and the amendments made by this Act shall take effect on the date of the enactment of this Act.

(b) APPLICATION OF AMENDMENTS.—The amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act.

Approved November 15, 1990.[13]

If the only question were which version of § 1328(a) applies, Barth would win. Although the former version of § 1328(a) contained exceptions by reference to certain subparagraphs of § 523, none of those subparagraphs contained an exception for restitution orders. Furthermore, § 1328(a) was interpreted by the United States Supreme Court in *Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), to discharge a criminal restitution debt in a Chapter 13 case.

■ However, the parties are mistaken in assuming § 1328(a) controls in this proceeding. As its opening clause states, § 1328(a) operates to grant a discharge only when the debtor has made all of his or her plan payments. The discharge in this case was granted even though Barth had not completed payments under his plan, the so-called hardship discharge.

■ Section 1328(b) controls hardship discharges. If certain conditions are met, it permits a hardship discharge; however, the court can only grant the discharge when a debtor has failed to complete plan payments. By reference back, § 1328(c) provides exceptions to § 1328(b):

(b) At any time after the confirmation of the plan and after notice and a hearing, the court *may grant a discharge to a debtor that has not completed payments under the plan* only if—

.    .    .    .    .

(c) A discharge granted under subsection (b) of this section discharges the debt-

---

11. 11 U.S.C. § 1328(a) (emphasis added).

12. Criminal Victims Protection Act of 1990, Pub.L. No. 101–581 (S 1931), 104 Stat. 2865, Sec. 3.

13. Criminal Victims Protection Act of 1990, Pub.L. No. 101–581 (S 1931), 104 Stat. 2865, Sec. 4.

or from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt—

> (2) of a kind specified in section 523(a) of this title.

The exception in § 1328(c)(2) is significant. By referring to all of § 523(a), section 1328(c)(2) makes § 523(a)(7) an operative exception to hardship discharges:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—[14]

In their briefs, the parties focused on § 1328(a) only, rather than on §§ 1328(b) and (c). The proper focus is § 1328(c) and whether the doctrine of *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), applies to this case through that section. In that case, the United States Supreme Court construed § 523(a)(7) and held that restitution ordered incident to a criminal fraud sentence was not dischargeable in the defendant's Chapter 7 bankruptcy. The Court expressed doubt that Congress "intended to make criminal penalties 'debts' within the meaning of § 101(4)," but stated it "need not address that question in this case, because we hold § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence."[15] The essence of the Court's holding is that under 11 U.S.C. § 523(a)(7), restitution is a fine or penalty payable to and for the benefit of a governmental unit that is excepted from discharge.

Four years after *Kelly,* but before the 1990 amendments to § 1328(a), in *Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Supreme Court considered whether criminal restitution payments were dischargeable in a Chapter 13 bankruptcy case. However, the decision construed the Chapter 13 discharge provision found in § 1328(a), not the hardship discharge of § 1328(b). Its decision was limited to § 1328(a):

> Here, on the other hand, the statutory language plainly reveals Congress' intent not to except restitution orders from discharge in *certain* Chapter 13 proceedings. *This intent is clear from Congress' decision to limit the exceptions to discharge applicable to Chapter 13, § 1328(a),* as well as its adoption of the "broadest possible" definition of "debt in § 101(4)."[16]

In his excellent treatise on Chapter 13, Judge Keith M. Lundin comments on the question presented here, calling attention to a statement in *Davenport* indicating § 523(a)(7) does not apply in Chapter 13:

> *In Kelly v. Robinson,* the Supreme Court found that criminal restitution was an exception to discharge in a Chapter 7 case, based in part on a tortured reading of § 523(a)(7). § 523(a)(7) is applicable as an exception to hardship discharge in a Chapter 13 case under § 1328(c)(2). However, Justice Marshal [sic] states in *Davenport* *"the exception to discharge relied on in Kelly [§ 523(a)(7)] does not extend to Chapter 13."* 495 U.S. at 555 [110 S.Ct. at 2129]. Reconciling *Davenport* and *Kelly* in the context of a restitution claim at hardship discharge in a Chapter 13 case would make a good law school final exam. See

---

**14.** 11 U.S.C. § 523(a)(7).

**15.** *Kelly v. Robinson,* 479 U.S. 36, 50, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986).

**16.** *Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 563–64, 110 S.Ct. 2126, 2133–34, 109 L.Ed.2d 588 (1990) (emphasis added).

§ 9.23.[17]

Justice Marshall's statement in italics is, of course, overly broad. He made it in the context of a case involving a § 1328(a) discharge only. It is dicta that should be read to mean: "[T]he exception to discharge relied on in *Kelly* [§ 523(a)(7)] does not extend to Chapter 13 **discharges under § 1328(a) only.**" (Bolded material added.)

Therefore, this Court concludes the payments required by the restitution order imposed in the state court criminal prosecution are not discharged by the hardship discharge granted Michael Andrew Barth under § 1328(b).

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52(a). A judgment reflecting this ruling will be entered on a separate document in compliance with Fed. R. Bankr.P. 9021 and Fed. R.Civ.P. 58.

IT IS SO ORDERED.

---

**17.** 3 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY 9–25  n. 116 (2d ed.1994) (emphasis added).